Mark Gordon WALTER,
Plaintiff–Appellee,

v.

Bill MORTON, individually and in his official capacity as Chief of Police of the City of Arkoma, Oklahoma; The Town of Arkoma, Oklahoma; Larry Vickers, individually and in his official capacity as Mayor of Arkoma, Oklahoma, Defendants–Appellants.

Nos. 93–7060, 93–7072.

United States Court of Appeals,
Tenth Circuit.

Aug. 30, 1994.

---

7.  Plaintiff's motion to supplement oral argument is denied.

John L. Harlan (Cheryl S. Gan with him on the brief) of John L. Harlan & Associates, P.C., Sapulpa, OK, for plaintiff-appellee.

Douglas S. Pewitt (Betty Outhier Williams of Robinson, Locke, Gage, Fite & Williams, Muskogee, OK, Bill R. Perceful, Pocola, OK, with him on the briefs) of Robinson, Locke, Gage, Fite & Williams, Muskogee, OK, for defendants-appellants.

Before ANDERSON and BRORBY, Circuit Judges, and MECHEM,* Senior United States District Judge.

BRORBY, Circuit Judge.

This is an appeal from a denial of the Defendants' motion for summary judgment based on qualified immunity in a 42 U.S.C. § 1983 action. We affirm.

## BACKGROUND

The following facts are undisputed. Mark Gordon Walter worked as a police officer for the Town of Arkoma, Oklahoma, for three months. During his employment with the police department, Mr. Walter began an investigation into illegal activities of the Town Chief of Police, Bill Morton. Mr. Walter reported his findings to the District Attorney's office and to the Oklahoma State Bureau of Investigation.

Within three weeks after reporting his suspicions, a town council meeting was held to discuss and take action on police department hours. At the meeting, Chief Morton approached the council bench and held a private conversation with a trustee of the council and with Mayor Larry Vickers. Mayor Vickers then informed Mr. Walter that his employment with the police department was terminated temporarily. Mr. Walter was never reinstated as a police officer in the Town of Arkoma.

* The Honorable E.L. Mechem, Senior United States District Judge for the District of New Mexico, sitting by designation.

Mr. Walter initiated a suit against the Town of Arkoma (Town) and against Chief Morton and Mayor Vickers, in their official and personal capacities. Mr. Walter alleges his discharge was in retaliation for reporting his investigation of Chief Morton, and thus, his First Amendment rights were violated. Chief Morton and Mayor Vickers claim their conduct was not motivated by retaliatory intent and their conduct reflected concern with the Town's budgetary constraints. They moved for summary judgment arguing qualified immunity. The Town moved for summary judgment arguing municipalities have no *respondeat superior* liability in civil rights actions. The district court issued a minute order denying the motions.

## DISCUSSION

### I. *Jurisdiction*

■ We have jurisdiction to hear Chief Morton's and Mayor Vickers' appeals as they are appealing a denial of qualified immunity. Qualified immunity is immunity from liability but also immunity from suit. *Mitchell v. Forsyth*, 472 U.S. 511, 526, 105 S.Ct. 2806, 2815–16, 86 L.Ed.2d 411 (1985). Thus, it is well established that a district court's denial of immunity is immediately appealable as a final judgment. *See Pueblo Neighborhood Health Ctrs., Inc. v. Losavio*, 847 F.2d 642, 644 (10th Cir.1988); *accord Patrick v. Miller*, 953 F.2d 1240, 1243 (10th Cir.1992); *Powell v. Mikulecky*, 891 F.2d 1454, 1456 (10th Cir. 1989).

■ No such right of appeal applies to the Town's appeal. The denial of a motion for summary judgment, unrelated to qualified immunity, is not a final action. *Powell*, 891 F.2d at 1456. The Town asks this court to exercise our pendent jurisdiction to hear its appeal. Pendent appellate jurisdiction is a matter of discretion, not of right. *Robinson v. Volkswagenwerk AG*, 940 F.2d 1369, 1374 (10th Cir.1991), *cert. denied*, —— U.S. ——, 112 S.Ct. 1160, 117 L.Ed.2d 408 (1992). The Town's attempt to relate issues of municipal liability in a § 1983 action to issues of qualified immunity is misplaced. *Cf. Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, —— U.S. ——,

——, 113 S.Ct. 1160, 1162, 122 L.Ed.2d 517 (1993) (municipality, in seeking to impose a heightened pleading standard on plaintiffs, wrongly equates freedom from liability with immunity from suit). The factual issues we must examine to resolve the Town's liability are not fully developed in the record and are not closely related to the officer's claim of qualified immunity. Accordingly, we decline to exercise pendent appellate jurisdiction.

### II. *Chief Morton's and Mayor Vickers' Qualified Immunity Claim*

■ On appeal, we review the denial of qualified immunity *de novo*. *Powell v. Gallentine*, 992 F.2d 1088, 1090 (10th Cir.1993). When the defense of qualified immunity has been raised by the defendant, the plaintiff then has the burden to show with particularity facts and law establishing the inference that the defendants violated a constitutional right. *Woodward v. City of Worland*, 977 F.2d 1392, 1396 (10th Cir.1992), *cert. denied*, —— U.S. ——, 113 S.Ct. 3038, 125 L.Ed.2d 724 (1993); *Dixon v. Richer*, 922 F.2d 1456, 1460 (10th Cir.1991). The "plaintiff must do more than identify in the abstract a clearly established right and allege that the defendant has violated it." *Pueblo Neighborhood*, 847 F.2d at 645.

■ Once the plaintiff has sufficiently alleged the conduct violated clearly established law, then the defendant bears the burden, as a movant for summary judgment, of showing no material issues of fact remain that would defeat the claim of qualified immunity. *Powell*, 891 F.2d at 1457; *Pueblo Neighborhood*, 847 F.2d at 646. "'Our task ... is not to determine liability ... but to determine whether, on the basis of the pretrial record, there exists a conflict sufficiently material to defendants' claim of immunity to require them to stand trial.'" *Patrick*, 953 F.2d at 1243 (quoting *DeVargas v. Mason & Hanger–Silas Mason Co.*, 844 F.2d 714, 719 (10th Cir.1988)). We consider the undisputed facts in the light most favorable to the plaintiff. *Id.*

■ To determine whether a governmental employer has infringed on an employee's First Amendment right of free speech,

we must ascertain whether the speech was on a matter of public concern. *Connick v. Myers,* 461 U.S. 138, 146, 103 S.Ct. 1684, 1689–90, 75 L.Ed.2d 708 (1983). Mr. Walter claims he was retaliated against for reporting his investigation of criminal conduct of the Chief of Police. Mr. Walter's statements of perceived illegal activities are matter of concern for the community. *See id.* at 146–47, 103 S.Ct. at 1689–90. "When the content of the speech focuses on disclosing public officials' malfeasance or wrongdoing, it is likely to be considered a matter of public concern." *Schalk v. Gallemore,* 906 F.2d 491, 495 (10th Cir.1990) (relying on *Wulf v. City of Wichita,* 883 F.2d 842, 857 (10th Cir.1989)). Therefore, Mr. Walter's speech regarding Chief Morton's professional misconduct is protected under the First Amendment.

"It is clearly established that a State may not discharge an employee on a basis that infringes that employee's constitutionally protected interest in freedom of speech." *Rankin v. McPherson,* 483 U.S. 378, 383, 107 S.Ct. 2891, 2896, 97 L.Ed.2d 315 (1987). Mr. Walter alleges he was discharged because he reported criminal activities of the Chief of Police. If he was discharged in retaliation to his report, this would constitute a violation of a clearly established constitutional right.

Chief Morton and Mayor Vickers argue that when a § 1983 plaintiff alleges a claim based on impermissible motive, a defendant may secure summary judgment based on qualified immunity by showing prima facie the "objective reasonableness" of the challenged conduct. *See Hicks v. City of Watonga,* 942 F.2d 737, 749 (10th Cir.1991) (quoting *Lewis v. City of Ft. Collins,* 903 F.2d 752, 755 (10th Cir.1990)). The officials allege their concern with the Town's budgetary constraints satisfy this prima facie showing.

We disagree with such broad reading of our precedent. Our past cases echo the concern of the Supreme Court that many insubstantial claims should be resolved at the summary judgment stage to avoid excessive disruption of government. *Lewis,* 903 F.2d at 755 (citing *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982)); *see Pueblo Neighborhood,* 847 F.2d

at 648. In claims involving proof of a state actor's subjective intent, more than unsupported allegations of improper intent must be shown. But a prima facie showing that a defendant may have proper reasons for the challenged conduct does not alone invoke qualified immunity at the summary judgment stage. The focus remains on whether the plaintiff has produced facts properly evidencing improper intent. To survive a summary judgment motion, a plaintiff must point to specific evidence showing the official's actions were improperly motivated. *Hicks,* 942 F.2d at 749 (quoting *Lewis,* 903 F.2d at 758). In other words, a plaintiff must produce enough evidence to show summary judgment is inappropriate.

Mr. Walter has done more than make conclusory allegations that Chief Morton and Mayor Vickers were improperly motivated. At Mr. Walter's initial interview, he told Chief Morton he had investigated another town's Chief of Police. Chief Morton allegedly responded he would fire any police officer who investigated him. Chief Morton circulated a memo, purportedly to harass Mr. Walter, forbidding officers to work on projects not directly approved by the Chief. Mr. Walter alleges the Chief locked up a station house copier when the Chief became concerned with investigations by Mr. Walter and other officers.

One week after Mr. Walter turned his investigation over to the District Attorney, Mayor Vickers had a private meeting with Mr. Walter expressing concern over Mr. Walter's relationship with Chief Morton. Prior to terminating Mr. Walter, Mayor Vickers indicated there was no intention to terminate Mr. Walter during the Town meeting on police department hours. After a private conversation between Chief Morton and Mayor Vickers, however, Mayor Vickers decided to terminate Mr. Walter.

We find Mr. Walter produced sufficient facts to raise an inference that Chief Morton and Mayor Vickers terminated him with retaliatory motive. The district court properly denied the motion for summary judgment given the disputed facts of this case. The ultimate resolution of the factual conflicts will be for the trier of the facts to determine.

## III. *Prejudice from Lack of Opportunity to File Reply Brief*

 In denying the Defendants' motion for summary judgment, the district court issued a minute order after Mr. Walter filed his answer brief but before the Defendants were given an opportunity to file a reply brief. Chief Morton and Mayor Vickers contend this handling of the motion prejudiced their procedural and substantive rights. In particular, they argue defendants claiming qualified immunity should be given ample opportunity to rebut the plaintiff's allegations of a constitutional violation.

> In cases where the Plaintiff has referred to voluminous material, the Defendant must be allowed to respond and show that Plaintiff's showing is either insufficiently credible to raise a reasonable doubt, does not meet the specificity standard, or simply raises issues of irrelevant non-material facts.

Apt. Brief at 18. This argument reveals the Defendants' fundamental misunderstanding of a trial court's role in reviewing a motion for summary judgment based on qualified immunity. During this stage in a lawsuit, a court does not make credibility findings. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 2513–14, 91 L.Ed.2d 202 (1986) ("Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge ... ruling on a motion for summary judgment"); *Cone v. Longmont United Hosp. Ass'n*, 14 F.3d 526, 533 (10th Cir.1994). Nor should a court be considered unable to determine whether plaintiff's allegations satisfy legal standards of specificity and relevance. Local court rules permit, but do not require, the filing of reply briefs. E.D.Okla.R. 14(a). We find neither prejudice to the Defendants nor an abuse of the district court's discretion in ruling before the filing of a reply brief.

### CONCLUSION

Accordingly, we **AFFIRM** the order of the district court.