57 F.3d 1081
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Charles REID, an individual; Traci Read, an individual,
Plaintiffs -Appellees,
v.
Dale WREN, Bill Hamby, and Pat Versteeg, Defendants--Appellants.
 Nos. 94-7122, 94-7123, 94-7124.
 United States Court of Appeals, Tenth Circuit.
 June 8, 1995.
 
 Before TACHA and BRORBY, Circuit Judges, and BROWN,[2] District Judge.
 TACHA, Circuit Judge.
 
 
 1
 In 1990 Logan Beard had three horses stolen from his property in Marshall County, Oklahoma. Three years later, on January 29, 1993, Beard visited plaintiff Charles Reid's property in Bryan county with Dale Wren, the Sheriff of Marshall County; Paul Wade, a ranger investigating agricultural-related thefts; and Bill Hamby, the Undersheriff of Marshall County. Wade told plaintiff that one of Beard's stolen horses was at plaintiff's farm and that he, Wren, and Hamby had come to retrieve it. Plaintiff asked what would happen if he refused to allow them to take the horse. Wade told plaintiff that he could be arrested for concealing stolen property. Plaintiff unlocked the gate, and Beard took the horse.
 
 
 2
 Plaintiff subsequently filed an action under 42 U.S.C.1983, alleging violations of his rights under the Fourth and Fourteenth Amendments. Each defendant involved in this appeal asserted qualified immunity and moved for summary judgment. The district court found that there remained disputed issues of material facts and denied defendants' motions. Defendants now appeal to this court. We exercise jurisdiction pursuant to 28 U.S.C. 1291 and affirm.
 
 I. STANDARD OF REVIEW
 
 3
 We review the district court's denial of qualified immunity de novo. Yvonne L. v. New Mexico Dep't of Human Servs., 959 F.2d 883, 891 (10th Cir.1992). "In evaluating defendants' qualified immunity claims, we must first determine whether plaintiff's allegations, if true, state a claim for a violation of a constitutional right that was clearly established when defendant acted." Bisbee v. Bey, 39 F.3d 1096, 1100 (10th Cir.1994) (citing Siegert v. Gilley, 500 U.S. 226, 232 (1991)), petition for cert. filed, 63 U.S.L.W. 3707 (U.S. Mar. 17, 1995) (No. 84-1451). "Once the plaintiff has sufficiently alleged the conduct violated clearly established law, then the defendant bears the burden, as a movant for summary judgment, of showing no material issues of fact remain that would defeat the claim of qualified immunity." Walter v. Morton, 33 F.3d 1240, 1242 (10th Cir.1994). On summary judgment, of course, "we review the evidence in the light most favorable to the nonmoving party." Bisbee, 39 F.3d at 1100.
 
 II. DISCUSSION
 
 4
 Defendants first maintain that they are entitled to qualified immunity because the horse was located in an open field, not in the curtilage surrounding plaintiff's house. Cf. United States v. Knapp, 1 F.3d 1026, 1029 (10th Cir.1993) ("Only the curtilage of the home warrants the Fourth Amendment protections that attach to the home itself."). "[C]urtilage questions [are] resolved with particular reference to four factors: the proximity of the area claimed to be curtilage to the home, whether the area is included within an enclosure surrounding the home, the nature of the uses to which the area is put, and the steps taken by the resident to protect the area from observation by people passing by." United States v. Dunn, 480 U.S. 294, 301 (1987).
 
 
 5
 Whether an area is curtilage is an issue of fact. United States v. Swepston, 987 F.2d 1510, 1513 (10th Cir.1993). We agree with the district court that, taking the evidence in the light most favorable to plaintiffs, the record establishes that the area in which the horse was located was curtilage. Consequently, defendants are not entitled to summary judgment on this ground.
 
 
 6
 Next, defendants Hamby and Wren argue that they are not personally responsible for any deprivation of plaintiff's constitutional rights because they neither made any threats nor performed the search or seizure. On summary judgment, this defense must fail. "It is widely recognized that all law enforcement officials have an affirmative duty to intervene to protect the constitutional rights of citizens from infringement by other law enforcement officers in their presence." Anderson v. Branen, 17 F.3d 552, 557 (2d Cir.1994). Thus, an officer who is present but fails to intervene to prevent another law enforcement official from infringing a person's constitutional rights is liable if the "officer had reason to know ... that any constitutional violation has been committed by a law enforcement official[ ] and the officer had a realistic opportunity to intervene to prevent the harm from occurring." Yang v. Hardin, 37 F.3d 282, 285 (7th Cir.1994) (emphasis omitted); see also Anderson, 17 F.3d at 557. These two officers were present and heard the conversation between plaintiff and Wade; yet they did not act to stop the allegedly unconstitutional action. Under these facts, defendants are not entitled to summary judgment on the ground they are not personally responsible.
 
 
 7
 Defendant VerSteeg, a district attorney in Bryan County, also seeks to avoid liability for the incident. Although prosecutors often receive absolute immunity from section 1983 claims, see Imbler v. Pachtman, 424 U.S. 409, 425 (1976), they are entitled to invoke qualified immunity only for advice given to police officers, see Burns v. Reed, 500 U.S. 478, 495-96 (1991). In this case, before going to plaintiff's property, Wade asked VerSteeg for instructions in the event plaintiff refused to relinquish the horse. VerSteeg allegedly responded that they should tell plaintiff he could be arrested. Because the deprivation alleged by plaintiff is VerSteeg's instructions to the police, we will proceed by examining whether VerSteeg was entitled to qualified immunity.
 
 
 8
 While VerSteeg did not go to the ranch with the other defendants, he may nevertheless be held liable if plaintiff shows an "affirmative link" between VerSteeg's conduct and the constitutional deprivation. See Rizzo v. Goode, 423 U.S. 362, 371 (1976); Snell v. Tunnell, 920 F.2d 673, 700 (10th Cir.1990) ("Plaintiffs must show that a supervisory defendant, expressly or otherwise, authorized, supervised, or participated in conduct which caused the constitutional deprivation."), cert. denied, 499 U.S. 976 (1991). Here, the officers testified that VerSteeg instructed them to tell plaintiff that he would be thrown in jail if he did not cooperate. Taking the evidence in the light most favorable to the nonmoving party, this testimony is more than ample to establish a potential "affirmative link" between VerSteeg and the constitutional deprivation. Summary judgment on VerSteeg's claim of qualified immunity is therefore inappropriate.
 
 
 9
 The decision of the district court is therefore AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 The Honorable Wesley E. Brown, Senior District Judge, United States District Court for the District of Kansas, sitting by designation