60 F.3d 702
 Higinio ROMERO, individually and as Personal Representative
of the Estate of Richard Romero; Frances Romero,
individually, Plaintiffs-Appellees,
v.
BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF LAKE, STATE
OF COLORADO, Defendant,
and
David Duarte, Sheriff of Lake County in his official
capacity; SEAN DEFABBO, individually and in his
official capacity as Deputy Sheriff of
Lake County, Defendants-Appellants.
 No. 94-1440.
 United States Court of Appeals,
Tenth Circuit.
 July 21, 1995.
Rehearing Denied Aug. 22, 1995.
 
 Joseph M. Ricci of Alexander & Ricci, Colorado Springs, CO, for plaintiffs-appellees.
 Theodore S. Halaby and Robert M. Liechty of Halaby Cross Liechty Schluter & Buck, Denver, CO, for defendant-appellant DeFabbo.
 Before ANDERSON, BALDOCK and BRORBY, Circuit Judges.
 ANDERSON, Circuit Judge.
 
 
 1
 The parents of Richard Romero, who is now deceased, brought this 42 U.S.C. Sec. 1983 suit against the sheriff and deputy sheriff of Lake County, Colorado, and the Lake County Board of Commissioners.[1] The suit alleges that deputy sheriff Sean DeFabbo violated the Fourth Amendment by using deadly force against Richard Romero. DeFabbo moved for summary judgment on the ground of qualified immunity. The district court denied summary judgment and DeFabbo now appeals.[2] We exercise jurisdiction under 28 U.S.C. Sec. 1291, see Mitchell v. Forsyth, 472 U.S. 511, 530, 105 S.Ct. 2806, 2817-18, 86 L.Ed.2d 411 (1985), and reverse and remand.
 
 
 2
 The record reveals the following. On August 4, 1992, a Lake County dispatcher asked DeFabbo to check on a vehicle in need of assistance in Eagle County, Colorado.[3] At approximately 1:00 a.m., DeFabbo discovered the vehicle on the side of the road with a flat tire. After talking to the driver, Richard Romero, DeFabbo suspected that Romero was intoxicated. DeFabbo returned to his patrol car and asked the Lake County dispatcher to inform Eagle County that the driver was intoxicated and to indicate that he would wait until Eagle County responded.
 
 
 3
 Romero asked for permission to fix his car. DeFabbo told Romero that he could fix his car, but could not drive because he appeared to be intoxicated. Romero denied that he was intoxicated and refused to submit to any tests. Both men returned to their cars. At some point, Romero approached DeFabbo's car. DeFabbo got out of his car and asked Romero to return to his car. Romero initially turned toward his car, but suddenly turned around and punched DeFabbo in the nose. Romero then ran a knife across DeFabbo's stomach. DeFabbo retreated a few steps and drew his gun. He repeatedly told Romero to drop the knife or he would shoot. Romero refused to drop the knife. Instead, he raised the knife and walked toward DeFabbo in an attack position. DeFabbo fired one shot, after which Romero took another step toward DeFabbo. Thinking he had missed with the first shot, DeFabbo fired twice more. Romero died from the gunshot wounds.
 
 
 4
 Plaintiffs' theory of liability is that DeFabbo contributed to the circumstances that led to the use of deadly force. Deadly force, plaintiffs claim, would have been unnecessary had DeFabbo arrested and handcuffed Romero, an intoxicated driver, as required by standard police procedure and state law.[4] DeFabbo moved for summary judgment on the basis of qualified immunity. Citing Tennessee v. Garner, 471 U.S. 1, 105 S.Ct. 1694, 85 L.Ed.2d 1 (1985), DeFabbo claims that his use of deadly force in self-defense was not unreasonable. He also states that his failure to handcuff Romero did not violate the constitution.
 
 
 5
 The district court denied DeFabbo's motion for summary judgment, ruling that genuine issues of material fact existed regarding the reasonableness of the use of deadly force and that DeFabbo failed to show he was unaware, or should not have known, of law clearly establishing the right to be free from unreasonable seizures. The district court did not comment on plaintiffs' theory of liability.
 
 
 6
 "We review the district court's denial of qualified immunity on summary judgment de novo." Romero v. Fay, 45 F.3d 1472, 1475 (10th Cir.1995). When a defendant asserts the affirmative defense of qualified immunity, "the plaintiff initially bears a heavy two-part burden." Albright v. Rodriguez, 51 F.3d 1531, 1534 (10th Cir.1995). The plaintiff must show (1) "that the defendant's actions violated a constitutional or statutory right" and (2) that the right "allegedly violated [was] clearly established at the time of the conduct at issue." Id. " '[P]laintiff must articulate the clearly established constitutional right and the defendant's conduct which violated the right with specificity.' " Id. (quoting Romero, 45 F.3d at 1475).
 
 
 7
 "If the plaintiff fails to carry either part of his two-part burden, the defendant is entitled to qualified immunity." Id. at 1535. If the plaintiff has made the required two-part showing, " 'then the defendant bears the burden, as a movant for summary judgment, of showing no material issues of fact remain that would defeat the claim of qualified immunity.' " Romero, 45 F.3d at 1475 (quoting Walter v. Morton, 33 F.3d 1240, 1242 (10th Cir.1994)). We hold that plaintiffs failed to show that DeFabbo violated a clearly established constitutional right and that DeFabbo, therefore, is entitled to qualified immunity.
 
 
 8
 We view the evidence in the light most favorable to the nonmoving party. Id. Because plaintiffs did not present any evidence to the contrary, we assume from DeFabbo's evidence that Romero punched DeFabbo and ran a knife across his stomach, that DeFabbo retreated and drew his gun, that despite warnings to drop the knife, Romero approached DeFabbo with the knife, and that DeFabbo then shot Romero in self-defense.
 
 
 9
 Plaintiffs' excessive force claim must be analyzed under the reasonableness standard of the Fourth Amendment. See Graham v. Connor, 490 U.S. 386, 394, 109 S.Ct. 1865, 1870-71, 104 L.Ed.2d 443 (1989). An officer's use of deadly force in self-defense is not constitutionally unreasonable. See Garner, 471 U.S. at 11, 105 S.Ct. at 1701 (deadly force may be used if "officer has probable cause to believe that the suspect poses a threat of serious physical harm either to the officer or to others"). Based on the undisputed evidence, we hold that DeFabbo reasonably feared for his life when he shot Romero. Romero punched DeFabbo in the nose, ran the knife across DeFabbo's stomach, and, with knife in hand, pursued DeFabbo as he retreated. Romero continued toward DeFabbo even after being fired upon once. DeFabbo's use of deadly force under these circumstances was not constitutionally unreasonable. See O'Neal v. DeKalb County, 850 F.2d 653, 655, 657-58 (11th Cir.1988) (holding officers did not act unreasonably in shooting suspect who charged toward one of them with a knife).
 
 
 10
 Without citing any evidence in the record, plaintiffs claim there are disputed issues regarding the use of deadly force which preclude summary judgment. Essentially, plaintiffs argue as a matter of law that the shooting should not be viewed as an act of self-defense because DeFabbo put himself in a dangerous situation by not handcuffing Romero. Plaintiffs urge us to look beyond the immediate circumstances of the shooting and evaluate the reasonableness of DeFabbo's actions from the point DeFabbo told Romero he was not free to leave the scene.
 
 
 11
 We rejected a similar argument in Wilson v. Meeks, 52 F.3d 1547 (10th Cir.1995). There, we refused to consider whether an officer who used deadly force in self-defense had caused the suspect to behave in a threatening manner. Id. at 1554. We followed other circuits that have confined the reasonableness inquiry in excessive force cases "to whether the officer was in danger at the moment of the threat." Id. (citing cases).
 
 
 12
 Here, the record indicates that DeFabbo waited with Romero for at least one-half hour for Eagle County to respond. DeFabbo had no reason to fear for his life until Romero threatened him with the knife. Evidence that DeFabbo failed to arrest and handcuff Romero prior to the threat is not relevant to the reasonableness of DeFabbo's decision to shoot Romero.[5] See id.; see also Plakas v. Drinski, 19 F.3d 1143, 1150 (7th Cir.) (refusing to examine events prior to threat against the officer to determine whether officer could have avoided situation which led to use of deadly force), cert. denied, --- U.S. ----, 115 S.Ct. 81, 130 L.Ed.2d 34 (1994); Greenidge v. Ruffin, 927 F.2d 789, 792 (4th Cir.1991) (holding officer's failure to follow standard arrest procedures is not relevant to whether officer acted reasonably in using deadly force). DeFabbo's failure to arrest and handcuff Romero does not become relevant simply because such actions may be required by state law and police procedure. Further, we note that violations of state law and police procedure generally do not give rise to a Sec. 1983 claim. See Jones v. City & County of Denver, 854 F.2d 1206, 1209 (10th Cir.1988) (state law); Wilson, 52 F.3d at 1554 (police regulation).
 
 
 13
 Finally, we reject plaintiffs' argument pursuant to DeShaney v. Winnebago County Department of Social Services, 489 U.S. 189, 199-200, 109 S.Ct. 998, 1005-1006, 103 L.Ed.2d 249 (1989), that DeFabbo assumed a constitutional duty to protect Romero when he refused to allow Romero to leave the scene. Even assuming the premise that DeFabbo had a constitutional duty to protect Romero, an intoxicated driver, from the consequences of his own actions, plaintiffs cannot show that DeFabbo violated clearly established law by ignoring that duty. See McLenagan v. Karnes, 27 F.3d 1002, 1008 n. 9 (4th Cir.), cert. denied, --- U.S. ----, 115 S.Ct. 581, 130 L.Ed.2d 496 (1994).
 
 
 14
 The judgment of the United States District Court for the District of Colorado is REVERSED and REMANDED for further proceedings consistent with this opinion.
 
 
 
 [1]
 After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed.R.App.P. 34(f) and 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument
 
 
 [2]
 We consider DeFabbo to be the sole appellant, as he represents that Sheriff Duarte was incorrectly named as an appellant in the notice of appeal
 
 
 [3]
 According to DeFabbo, Lake County occasionally investigates accidents in Eagle County, when Eagle County cannot respond immediately
 
 
 [4]
 In support of their argument that DeFabbo should have arrested and handcuffed Romero, plaintiffs cite to the Lake County Sheriff's manual and Leake v. Cain, 720 P.2d 152 (Colo.1986)
 
 
 [5]
 Whether an officer acted reasonably in using deadly force is "heavily fact dependent." Wilson, 52 F.3d at 1553. We recognize that an officer's conduct prior to the suspect's threat of force may be relevant to the reasonableness inquiry if the conduct is "immediately connected" to the suspect's threat of force, see Bella v. Chamberlain, 24 F.3d 1251, 1256 n. 7 (10th Cir.1994), cert. denied, --- U.S. ----, 115 S.Ct. 898, 130 L.Ed.2d 783 (1995), and the officer is alleged to have acted with the state of mind required for liability under Sec. 1983