F I L E D
United States Court of Appeals
Tenth Circuit

DEC 9 1997

PATRICK FISHER
Clerk

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

_____

KAREN S. BRASKO,

     Plaintiff-Appellee,

v.

CITY OF CANEY, KANSAS; BILL
JAMISON; RICK PELL; MONTE
LILBURN,

     Defendants,

    and

JEFF ATZENHOFER; O.J.
BRIDENSTINE; DON FUQUA;
BOBBY HAWTHORNE; RAY
STELFOX; LAURIE JAMISON;
STEVE BUSTER; DAVID ESTES;
GENE VAUGHAN; CHAD
BRADFORD; MIKE HINES,

     Defendants-Appellants.

_____

DARLA LEA CLELAND,

     Plaintiff-Appellee,

v.

CITY OF CANEY, KANSAS; BILL
JAMISON; RICK PELL; MONTE
LILBURN,

     Defendants,

No. 97-3027
(D.C. No. 96-2258-GTV)
(D. Kan.)

97-3029
(D.C. No. 96-2338-GTV)
(D. Kan.)

and

JEFF ATZENHOFER; O.J.
BRIDENSTINE; DON FUQUA;
BOBBY HAWTHORNE; RAY
STELFOX; LAURIE JAMISON;
STEVE BUSTER; DAVID ESTES;
GENE VAUGHAN; CHAD
BRADFORD; MIKE HINES,

        Defendants-Appellants.
_____

KAREN S. BRASKO,

        Plaintiff-Appellee,

v.

CITY OF CANEY, KANSAS; RICK
PELL; MONTE LILBURN; JEFF
ATZENHOFER; O.J.
BRIDENSTINE; DON FUQUA;
BOBBY HAWTHORNE; RAY
STELFOX; LAURIE JAMISON;
STEVE BUSTER; DAVID ESTES;
GENE VAUGHAN; CHAD
BRADFORD; MIKE HINES,

        Defendants,

    and

BILL JAMISON,

        Defendant-Appellant.
_____

DARLA LEA CLELAND,

97-3046
(D.C. No. 96-2258-GTV)
(D. Kan.)

Plaintiff-Appellee,

v.

CITY OF CANEY, KANSAS; RICK
PELL; MONTE LILBURN; JEFF
ATZENHOFER; O.J.
BRIDENSTINE; DON FUQUA;
BOBBY HAWTHORNE; RAY
STELFOX; LAURIE JAMISON;
STEVE BUSTER; DAVID ESTES;
GENE VAUGHAN; CHAD
BRADFORD; MIKE HINES,

        Defendants,

    and

BILL JAMISON,

        Defendant-Appellant.

97-3047
(D.C. No. 96-2338-GTV)
(D. Kan.)

---

ORDER AND JUDGMENT[*]

---

Before BALDOCK, BARRETT, and MURPHY, Circuit Judges.

---

[*]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9. The cases are therefore ordered submitted without oral argument.

Defendants-appellants, former and current city council members of the City of Caney, Kansas, and Bill Jamison, a city police officer, appeal the district court's denials of their motions to dismiss based on qualified immunity. We reverse as to the individual city council members and vacate and remand as to Officer Jamison.

Plaintiffs-appellees Karen S. Brasko and Darla Lea Cleland commenced actions in the district court against, among others, the current and former city council members and Officer Jamison, in their individual capacities, alleging, as is relevant for purposes of this appeal, violation of their equal protection rights under 42 U.S.C. § 1983 as a result of sexual discrimination and later retaliation for making charges of sexual discrimination.[1]

The complaints set forth the following facts. Plaintiffs are employed by the City of Caney as dispatchers/emergency medical technicians. They alleged that

---

[1] Additionally, plaintiffs sought relief under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e through 2000e-17; 42 U.S.C. § 1981a; the Kansas Acts Against Discrimination, Kan. Stat. Ann. § 44-1009(a)(1), (7); and common law. Also, plaintiffs sought relief against the City of Caney, mayor of Caney, and chief of police of Caney under the above authorities and § 1983.

during their employment they were subjected to unwelcome sexual remarks and actions from Officer Jamison and the mayor of the City of Caney. Plaintiffs and other female employees complained at city council meetings about Officer Jamison's and the mayor's conduct and requested that they be disciplined and that policies be put into place to protect plaintiffs' rights. The city council did not take any timely or appropriate action regarding the complaints. Plaintiffs thus believe the city council ratified or approved of Officer Jamison's and the mayor's actions.

The city council members moved to dismiss the claims against them in their individual capacities based on qualified immunity. The district court denied qualified immunity, finding that the law was clearly established that the city council members as employers should have understood that their conduct could violate plaintiffs' constitutional rights. Also, the district court pointed to plaintiffs' particularized allegations that they complained to city council members about the sexual harassment, but the city council members took no action to stop any sexual harassment to protect plaintiffs or to prevent sexual harassment in the workplace. The city council members appealed. (Nos. 97-3027, 97-3029.)

Officer Jamison filed a motion to dismiss alleging that plaintiffs failed to state a claim upon which relief may be granted because he was not a supervisor or, alternatively, that he is entitled to qualified immunity. Recognizing that

plaintiffs alleged that Officer Jamison acted under color of state law, the district court determined that if they could establish that he acted under actual or de facto authority over them they may be able to recover. The district court accordingly concluded plaintiffs' complaints did state claims for relief. Also, the district court concluded that because the law concerning sexual harassment was clearly established in the Tenth Circuit, Officer Jamison was not entitled to qualified immunity. Officer Jamison appealed. (Nos. 97-3046, 97-3047.)

The district court's denials of qualified immunity are immediately appealable as final judgments. See Walter v. Morton, 33 F.3d 1240, 1242 (10th Cir. 1994). We review the denials de novo. See id.

## Nos. 97-3027 and 97-3029

On appeal, the city council members argue that the district court erred in denying dismissal of any claims against them based upon qualified immunity because the law was not clearly established at the time of the alleged conduct that they had a legal obligation to act upon plaintiffs' complaints of sexual discrimination. They contend that the only way they individually can take action is by casting votes at city council meetings; they have no power to take action outside of the meetings, and they cannot undertake the management of the police department. Also, the individual city council members argue that there is no law

establishing the liability of an individual city council member due to the council's failure to vote on a claim of sexual discrimination.

Government officials are entitled to qualified immunity when their "conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). To analyze a claim of qualified immunity, we use a two-part framework: "first we determine whether the plaintiff has asserted a violation of a constitutional or statutory right, and then we decide whether that right was clearly established such that a reasonable person in the defendant's position would have known that [his or] her conduct violated the right." Garramone v. Romo, 94 F.3d 1446, 1449 (10th Cir. 1996) (citing Siegert v. Gilley, 500 U.S. 226, 231 (1991)).

> [T]he shield of qualified immunity is pierced if in light of pre-existing law, the unlawfulness of the conduct is apparent . . . . "This ordinarily means that there must be a Supreme Court or Tenth Circuit opinion on point, or the clearly established weight of authority from other courts must have found the law to be as the plaintiff maintains."

Lawmaster v. Ward, 125 F.3d 1341, 1350 (10th Cir. 1997) (quoting Garramone, 94 F.3d at 1451). To show the law is clearly established, the plaintiff must do more than make general allegations that the defendant's conduct was unreasonable; rather, the plaintiff's rights must be sufficiently defined so that a "'reasonable official would understand that what he is doing violates that right.'" Id. at 1350-51 (quoting Anderson v. Creighton, 483 U.S. 635, 640 (1987)); see

-7-

also Walter, 33 F.3d at 1242 (placing burden on plaintiff to show with "particularity" that facts and law establish inference that defendants violated constitutional right); Woodward v. City of Worland, 977 F.2d 1392, 1396 (10th Cir. 1992) (requiring plaintiff to "come forward with facts or allegations sufficient to show that the [defendant] violated the clearly established law"). This court allows some degree of generality, however, recognizing it is impracticable to require the plaintiff to cite to a factually identical case before this court will determine the law was clearly established. See Lawmaster, 125 F.3d at 1351 (requiring some, but not precise, factual similarity in demanding officials to apply general well-developed legal principles). The action in question need not have previously been held unlawful, but its unlawfulness must be apparent in light of pre-existing law. See Mick v. Brewer, 76 F.3d 1127, 1134 (10th Cir. 1996).

It is clearly established in this circuit that "[a]n allegation of sexual harassment is actionable under § 1983 as a violation of the Equal Protection Clause." Noland v. McAdoo, 39 F.3d 269, 271 (10th Cir. 1994); see also Lankford v. City of Hobart, 27 F.3d 477, 480-81 (10th Cir. 1994) (citing Starrett v. Wadley, 876 F.2d 808, 814 (10th Cir. 1989)).

As the city council members point out, however, there is no factually identical authority establishing the liability of an individual city council member

for failure to act on a city employee's claim of sexual discrimination. Thus, the question we must decide is whether it was clearly established "within a sufficiently analogous factual setting" that the individual city council members would have understood that their failure to act would violate plaintiffs' rights. Medina v. City & County of Denver, 960 F.2d 1493, 1497 (10th Cir. 1992); see also Yvonne L., ex rel. Lewis v. New Mexico Dep't of Human Servs., 959 F.2d 883, 891 (10th Cir. 1992) (determining whether right was either clearly established or clearly implicit in existing case law).

In denying the individual city council members qualified immunity, the district court relied upon Hirschfeld v. New Mexico Corrections Department, 916 F.2d 572, 577 (10th Cir. 1990), a Title VII action, which held that an employer may be liable for hostile work environment sexual harassment of an employee if the employer knew of or should have known of and failed to prevent the hostile work environment. Employer liability for actionable sexual harassment also has been recognized in § 1983 cases. In those cases, a supervisor's or employer's liability requires "'allegations of . . . actual knowledge and acquiescence.'" Woodward, 977 F.2d at 1400, 1401 (quoting Andrews v. City of Philadelphia, 895 F.2d 1469, 1478 (3d Cir. 1990)). Also, in § 1983 actions, liability cannot be predicated upon mere negligence; rather, it must be

-9-

predicated upon a deliberate deprivation of the employee's constitutional rights. See id. at 1399.

This law, permitting liability of an employer for an employee's alleged wrongdoing, was not sufficiently particularized for individual city council members to be held liable for the alleged sexual harassment by an employee, who apparently does not work directly for the city council. No authority indicates an appropriate response by individual city council members to an employee's complaints to them of sexual harassment. Thus, it was not clear that reasonable city council members with knowledge of the alleged harassment would understand that their individual failure to act could violate plaintiffs' equal protection rights such that they could be held individually liable. We conclude the district court erred in denying the individual city council members' motion to dismiss on the grounds of qualified immunity.

Nos. 97-3046 and 97-3047

On appeal, Officer Jamison argues the district court erred in holding he is not entitled to qualified immunity because prior to the time plaintiffs filed their complaints the law was not clearly established that a nonsupervisory co-worker's alleged sexual harassment violated equal protection rights. Officer Jamison also argues that the district court erred in holding that plaintiffs sufficiently pleaded

causes of action even though they failed to plead specific facts demonstrating that Officer Jamison acted under color of state law by exercising authority over them.

To establish state action to support a § 1983 claim of sexual harassment, the defendant must be the plaintiff's supervisor or exercise state authority over the plaintiff. See Noland, 39 F.3d at 271 (holding defendant's harassing conduct while he was plaintiff's co-worker was not actionable where there was no allegation defendant acted with state authority); see also Woodward, 977 F.2d at 1400-01 (typically requiring alleged sexual harasser to have authority over plaintiffs because otherwise it is difficult to establish state action requirement; declining to decide whether co-worker could ever be liable for sexual harassment, where co-workers were not supervisors and had no control or authority over plaintiffs). At the time plaintiffs filed their complaints, this Tenth Circuit authority provided that sexual harassment by a person acting with some state authority is actionable under § 1983.

Officer Jamison argues, however, that the law regarding co-worker liability under § 1983 for sexual harassment did not become clearly established until this court's decision in David v. City & County of Denver, 101 F.3d 1344, 1354 (10th Cir. 1996), cert. denied, 118 S. Ct. 157 (1997). Although David did not reach, because it was not asserted, the questions of qualified immunity and whether the law was clearly established, see id. at 1354 n.1, it did cite to Woodward and

<u>Noland</u> as authority for its decision that sexual harassment by a nonsupervisory co-worker could violate a plaintiff's equal protection rights if the nonsupervisory co-worker in fact exercised authority over the plaintiff, <u>see</u> <u>id.</u> at 1354.

We agree with Officer Jamison that the law on co-worker liability, in and of itself, was not clearly established at all times relevant to this case. However, the law was clearly established that those who possessed some authority over the victim could be liable. <u>See</u> <u>Woodward</u>, 977 F.2d at 1401. As the court noted in <u>Woodward</u>, liability is often predicated on authority the wrongdoer has over the victim. <u>See</u> <u>id.</u> "Otherwise, it is difficult to establish that the abusive action was perpetrated 'under color of state law' rather than as an essentially private act of sexual harassment." <u>Id.</u> Thus, denial of qualified immunity under the circumstances of these cases hinges on plaintiffs' allegations and proof of Officer Jamison's exercise of authority over them.

Officer Jamison argues that plaintiffs failed to sufficiently plead causes of action against him because they failed to plead facts demonstrating that he had actual authority over them. In denying Officer Jamison qualified immunity, the district court noted that plaintiffs alleged in their complaints that all defendants acted under color of state law. However, "'plaintiff[s] must do more than identify in the abstract a clearly established right and allege that the defendant has violated it.'" <u>Walter</u>, 33 F.3d at 1242 (quoting <u>Pueblo Neighborhood Health</u>

-12-

Ctrs., Inc. v. Losavio, 847 F.2d 642, 645 (10th Cir. 1988)).  Therefore, plaintiffs' allegations that "all defendants acted under color of state law" are insufficient to meet the heightened pleading standards imposed when a defendant raises the qualified immunity defense.  However, we agree with plaintiffs that after the defendant raises this defense they should be afforded the opportunity to amend their complaints to satisfy this heightened requirement.

Accordingly, the district court's denials of qualified immunity to Officer Jamison must be vacated, and the cases must be remanded to the district court to allow plaintiffs to amend their complaints.

The judgments of the United States District Court for the District of Kansas in case Nos. 97-3027 and 97-3029 are REVERSED.  The judgments in case Nos. 97-3046 and 97-3047 are VACATED, and the cases are REMANDED to the district court to allow plaintiffs to amend their complaints.

Entered for the Court

James E. Barrett
Senior Circuit Judge

-13-