77 F.3d 1253
 70 Fair Empl.Prac.Cas. (BNA) 169, 107 Ed. Law
Rep. 478
 Stephanie ABEYTA, a minor, by and through her next friends
Susie MARTINEZ and Raymond Martinez,
Plaintiff-Counter-Defendant-Appellee,
v.
CHAMA VALLEY INDEPENDENT SCHOOL DISTRICT, NO. 19,
Defendant-Counter-Claimant,
and
Peter Casados, in his individual capacity,
Defendant-Counter-Claimant-Appellant.
 No. 94-2283.
 United States Court of Appeals,
Tenth Circuit.
 Feb. 22, 1996.
 
 Appeal from the United States District Court for the District of New Mexico (D.C. No. CIV-94-133-LH).
 Gregory L. Biehler and Lisa A. Joynes, of Beall, Biehler & Bannerman, Albuquerque, New Mexico, for Defendant-Counter-Claimant-Appellant.
 John B. Roesler and Stephen E. Tinkler, Santa Fe, New Mexico, for Plaintiff-Counter-Defendant-Appellee.
 Before BRISCOE, LOGAN, Circuit Judges, and THOMPSON,* District Judge.
 LOGAN, Circuit Judge.
 
 
 1
 * The plaintiff in this case is a twelve-year-old female student whose teacher allegedly called her a prostitute in front of the class and continued to call her that over a month-and-a-half period. The only issue we need to decide is whether the student's complaint against her teacher states a violation of her substantive due process rights cognizable under 42 U.S.C. § 1983.[1]
 
 
 2
 Plaintiff Stephanie Abeyta, through her next friends, brought this suit under § 1983, alleging that her teacher, defendant Peter Casados, violated plaintiff's substantive due process rights to be free from invasion of her personal security by sexual abuse and harassment and by psychological abuse.[2] The complaint alleged that in September 1990, defendant read aloud to plaintiff's sixth grade class a note written by plaintiff to a fifth grade student, Dominic. The note said "You're cute ... I like you," and was signed "Always, Stephanie." Appellant's App. 3. After reading the note, defendant asked the class if they thought plaintiff was a prostitute. The class laughed. At recess and during lunchtime, various classmates taunted plaintiff by calling her a prostitute and asking her when she was going to work on Central. Defendant continued to call plaintiff a prostitute that day in a low voice and for the following month and a half. Her classmates' taunts continued until December 20, 1990, when she left school.
 
 
 3
 Defendant sought summary judgment, asserting a defense of qualified immunity. The district court ultimately concluded that calling plaintiff a prostitute was psychological abuse directed at her well-being and therefore violated her protected liberty interest to be free from unjustified intrusion of her personal security. It ruled that defendant was not entitled to qualified immunity because the law was clearly established that persons have a right to be free from unjustified intrusions upon their emotional well-being. The court then defined verbal sexual abuse and harassment as a subset of psychological abuse and applied the same reasoning to deny qualified immunity to that claim. Defendant appealed these denials.
 
 
 4
 We review the denial of summary judgment de novo applying the same legal standard used by the district court pursuant to Fed.R.Civ.P. 56(c). James v. Sears, Roebuck & Co., 21 F.3d 989, 997-98 (10th Cir.1994). "Summary judgment is appropriate if 'there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law.' " Hagelin for President Comm. v. Graves, 25 F.3d 956, 959 (10th Cir.1994) (quoting Rule 56(c)) (alteration in original), cert. denied, --- U.S. ----, 115 S.Ct. 934, 130 L.Ed.2d 880 (1995). "In applying this standard, we construe the factual record and reasonable inferences therefrom in the light most favorable to the party opposing summary judgment." Blue Circle Cement, Inc. v. Board of County Comm'rs, 27 F.3d 1499, 1503 (10th Cir.1994).
 
 II
 
 5
 "As a threshold inquiry to qualified immunity, we first must determine whether plaintiff's allegations, even if accepted as true, state a claim for violation of any rights secured under the United States Constitution." Maldonado v. Josey, 975 F.2d 727, 729 (10th Cir.1992), cert. denied, 507 U.S. 914, 113 S.Ct. 1266, 122 L.Ed.2d 662 (1993). Plaintiff has the "burden to show with particularity facts and law establishing the inference that defendant violated a constitutional right." Walter v. Morton, 33 F.3d 1240, 1242 (10th Cir.1994). We do not reach the issue of qualified immunity if plaintiff's claim is not actionable. See Gehl Group v. Koby, 63 F.3d 1528, 1533 (10th Cir.1995).
 
 
 6
 * We consider first whether the plaintiff's allegation of sexual harassment and abuse stated an actionable claim. Defendant argues that plaintiff failed to establish discrimination based on hostile environment sexual harassment. Defendant contends that any alleged isolated comments were insufficient to show a pervasive hostile atmosphere and that his conduct was not gender-based. Thus, he asserts that any conduct alleged in the complaint does not rise to the level of a constitutional tort.
 
 
 7
 Sexual assault or molestation by a school teacher violates a student's substantive due process rights. See Maldonado, 975 F.2d at 730-31. A teacher's sexual molestation of a student is an intrusion of the student's bodily integrity. Stoneking v. Bradford Area Sch. Dist., 882 F.2d 720, 727 (3d Cir.1989), cert. denied, 493 U.S. 1044, 110 S.Ct. 840, 107 L.Ed.2d 835 (1990). Here, defendant's conduct as alleged certainly was harassing, and we must accept that it directly inflicted emotional harm on plaintiff. Cf. Maldonado, 975 F.2d at 730-31. There were no allegations, however, of sexual assault, molestation, or touching of any sort. We have found no case in a school context that held conduct falling shy of sexual molestation or assault constitutes constitutionally actionable sexual harassment.
 
 
 8
 Plaintiff suggests that Title VII case law prohibiting hostile environment sexual harassment in an employment setting provides analogous support to her cause of action. For hostile environment sexual harassment in an employment setting, there must be severe and pervasive sexual conduct creating an intimidating, hostile, or offensive environment. See Meritor Sav. Bank, FSB v. Vinson, 477 U.S. 57, 67, 106 S.Ct. 2399, 2405-2406, 91 L.Ed.2d 49 (1986); Hicks v. Gates Rubber Co., 833 F.2d 1406, 1413 (10th Cir.1987).
 
 
 9
 Defendant allegedly called plaintiff a prostitute and apparently permitted her classmates to taunt her over a period of weeks. Plaintiff did not set forth any other evidence of insulting, sexually specific name-calling, or similar conduct directed toward plaintiff or other female students. What allegedly occurred here might be enough to state a claim under Title VII if done in an employment context. See Gross v. Burggraf Constr. Co., 53 F.3d 1531, 1539 (10th Cir.1995). But plaintiff is claiming a constitutional substantive due process violation. More is required to state a claim for a constitutional violation--the standard we must apply here--than for a statutory claim under Title VII. We believe the fact that verbal harassment is gender-specific gives it no greater claim as a constitutional violation than verbal harassment generally. Thus, we must look at this claim as one for psychological abuse.
 
 B
 
 10
 We next consider whether plaintiff's allegation of psychological abuse states an actionable claim. Defendant argues that psychological abuse absent physical contact or a threat to bodily integrity is not a deprivation of constitutional rights. No published authority addresses this particular issue in a school context. In other contexts, however, even extreme verbal abuse typically is insufficient to establish a constitutional deprivation. Cf. Collins v. Cundy, 603 F.2d 825, 827 (10th Cir.1979) (holding that verbal abuse where sheriff laughed at prisoner and threatened to hang him did not state constitutional deprivation actionable under § 1983).
 
 
 11
 We have decided one substantive due process violation case in a regular school punishment context, Garcia ex rel. Garcia v. Miera, 817 F.2d 650 (10th Cir.1987), cert. denied, 485 U.S. 959, 108 S.Ct. 1220, 99 L.Ed.2d 421 (1988). There, a nine-year-old third grader received two beatings at school. During the first, she was held upside down by a teacher and beaten on the legs with a split wooden paddle by the principal. The beating drew blood, and resulted in a welt and two-inch cut on her leg that left a permanent scar. For the second beating, the principal struck the child on the buttocks several times with the same wooden paddle. The child struggled during the beating and hit her back on a desk. Thereafter, she was struck three additional times. She suffered from serious bruises on her buttocks which hurt for two to three weeks and back pains for several weeks. An examining physician and nurse considered the second beating severe enough to report as child abuse.
 
 
 12
 In review, we held that "at some point, excessive corporal punishment violates the pupil's substantive due process rights." Id. at 653. Focusing on the physical harm and citing Rochin v. California, 342 U.S. 165, 72 S.Ct. 205, 96 L.Ed. 183 (1952) (holding forced stomach pumping shocks the conscience and violates substantive due process), we held that when a school official's conduct is shocking to the conscience, brutal, or offensive to human dignity, it offends the Due Process Clause. See also Collins v. City of Harker Heights, 503 U.S. 115, 126, 128, 112 S.Ct. 1061, 1069, 1070, 117 L.Ed.2d 261 (1992) (to prevail on a substantive due process claim, plaintiff must prove action shocking to the conscience). In determining whether the corporal punishment was extreme enough to constitute a substantive due process violation, we focused on
 
 
 13
 whether the force applied caused injury so severe, was so disproportionate to the need presented, and was so inspired by malice or sadism rather than a merely careless or unwise excess of zeal that it amounted to a brutal and inhumane abuse of official power literally shocking to the conscience.
 
 
 14
 Garcia, 817 F.2d at 655 (quoting Hall v. Tawney, 621 F.2d 607, 613 (4th Cir.1980)). Garcia is distinguishable, however, because plaintiff in the instant case suffered no physical abuse. Garcia does not discuss psychological abuse.
 
 
 15
 Plaintiff and the district court relied on the Seventh Circuit case of White v. Rochford, 592 F.2d 381 (7th Cir.1979), and the unpublished New Mexico district court case of McGinnis v. Cochran, No. 85-261-M (D.N.M. June 3, 1985), in determining that psychological abuse alone can violate substantive due process rights. In White, police officers left three minor children in an abandoned car on a cold evening after arresting the driver, the children's uncle. The children eventually left the car, crossed eight lanes of traffic, and searched for a telephone. As a result, the children suffered mental anguish and one, who was asthmatic, was hospitalized for a week.
 
 
 16
 The three-judge panel produced three opinions--one a dissent. The majority refused to require physical injury for a § 1983 action. White, 592 F.2d at 384-85. Instead, it held that the officers' refusal through their official actions to provide aid to the helpless children, who were left subject to the weather and physical danger and who suffered emotional injury, violated due process guarantees. The judge authoring the principal opinion recognized that an allegation of psychological injury alone presented a closer due process question than an allegation of physical injury, id. at 385; and it was clear that the plaintiff children were in physical danger. Id. at 387 (Tone, J., concurring).
 
 
 17
 McGinnis involved an eleven-year-old special education student who misbehaved in chorus class. The teacher then required each class member to write "I will kill you, Billy" one hundred times. McGinnis at 2. The following school day, the teacher directed the students to wad up the papers and throw them at the plaintiff. Several of the papers struck the plaintiff, including one in which a stone or other hard object had been placed. The teacher required the child to pick up the papers and encouraged the other students to laugh and jeer. After the incident, the other students attacked the plaintiff and harassed him with threats to kill him. Eventually the plaintiff's parents transferred him to another school. The plaintiff underwent psychotherapy and contended that he suffered from nightmares in which he was being chased by people who were trying to kill him. The district court found that the plaintiff's allegations of psychological abuse stated a substantive due process claim.
 
 
 18
 Of course, we are not bound by unpublished district court authority or by the decision of another circuit. See Garcia, 817 F.2d at 659. Both White and McGinnis are distinguishable, although the latter is the closer, of course. McGinnis involved a special education student who actually suffered some physical abuse; his teacher allegedly incited students against him; and the psychological abuse--a handicapped student threatened with death--was much more egregious than in the case before us. Milonas v. Williams, 691 F.2d 931 (10th Cir.1982), cert. denied, 460 U.S. 1069, 103 S.Ct. 1524, 75 L.Ed.2d 947 (1983), also relied upon by the district court, is distinguishable in the number and types of abuses of the students and especially in the prison-type setting of that school for boys with serious behavioral problems.
 
 
 19
 The concept of substantive due process is not fixed or final, Rochin, 342 U.S. at 170, 72 S.Ct. at 208-209, but generally is accorded to matters relating to marriage, family, procreation, and the right to bodily integrity, see Albright v. Oliver, --- U.S. ----, ----, 114 S.Ct. 807, 812, 127 L.Ed.2d 114 (1994) (citation omitted); see also Collins, 503 U.S. at 125, 112 S.Ct. at 1068 ("As a general matter, the Court has always been reluctant to expand the concept of substantive due process because guideposts for responsible decisionmaking in this unchartered area are scarce and open-ended."). A substantive due process violation must be something more than an ordinary tort to be actionable under § 1983.
 
 
 20
 We are unwilling to hold that actions which inflict only psychological damage may never achieve the high level of "a brutal and inhuman abuse of official power literally shocking to the conscience," Hall, 621 F.2d at 613, necessary to constitute a substantive due process violation. We can imagine a case where psychological harassment might be so severe that it would amount to torture equal to or greater than the stomach pumping abuse condemned in Rochin. But we are sure that the actions alleged in the instant case do not reach that level--whether they were done with indifference or with deliberate intent to cause psychological harm. Having said this, if defendant acted as alleged, we strongly condemn his behavior. A teacher who calls a student a prostitute engages in a complete abuse of his authority. To do so repeatedly, and turn a deaf ear as other students follow the teacher's example, is flagrant misconduct. But we must leave plaintiff to whatever relief statutory or state tort law may afford her.
 
 
 21
 Because we hold that taking plaintiff's claims as true they do not state an actionable § 1983 claim against defendant based on the substantive due process violation alleged, we need not discuss qualified immunity as a separate issue.
 
 
 22
 REVERSED and REMANDED.
 
 
 
 *
 Honorable Ralph G. Thompson, District Judge, United States District Court for the Western District of Oklahoma, sitting by designation
 
 
 [1]
 After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed.R.App.P. 34(f) and 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument
 
 
 [2]
 Plaintiff also alleged claims against the defendant school district for violation of Title IX of the Education Amendments of 1972, 20 U.S.C. §§ 1681-1688, and against defendant for violation of her equal protection rights. The district court dismissed those claims, and they are not raised in this appeal