Robert HARRIS, Plaintiff,

v.

Joe MORALES, Monte Gore, and Scott Teetsel, Defendants.

No. Civ.A. 98–K–2501.

United States District Court, D. Colorado.

Oct. 19, 1999.

MEMORANDUM OPINION
AND ORDER

KANE, Senior District Judge.

Robert Harris, now an inmate at Sterling Correctional Facility, previously an inmate at Summit County Jail, brings this pro se lawsuit against Sheriff Joe Morales, Lieutenant Monte Gore and Lieutenant Scott Teetsel pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1343(a)(3).[1] In his Amended Prisoner Civil Rights Complaint, Harris appears to assert claims of false arrest, excessive force and deliberate indifference to his serious medical needs stemming from a pepper-spray incident with Deputy Scott Teetsel. Defendants move to dismiss Harris' claims on the basis that they are entitled to qualified immunity. I ordered Plaintiff to file a response to Defendant's motion to dismiss on or before September 20, 1999, and Defendants to file a reply on or before September 30, 1999. Harris did not file a response to the motion, and Defendants therefore have not replied.

### I. Allegations in Complaint.

The pro se amended complaint is not a model of clarity. Construing it liberally, it appears that the allegations are as follows. In June, 1998, Harris was an inmate of the Summit County Jail. Harris' claims arise from his allegedly false arrest on June 18, 1998, by officers of the Summit County Sheriff's Office. He maintains Defendant Lieutenant Scott Teetsel falsified charges and information that lead to Harris' illegal arrest on charges of obstruction of government operation. He asserts Lieutenant Teetsel was not justified in spraying him in the eye and face with pepper spray during

Robert Harris, Breckenridge, CO, for plaintiff.

Josh Adams Marks, Melanie Bailey Lewis, Hall & Evans, Denver, CO, for defendant.

1. Harris filed six civil actions relating to the alleged incident. On December 30, 1998, Judge Daniel ordered Harris to file an Amended Prisoner Civil Rights Complaint that asserts the against appropriate defendants any and all claims arising from his allegedly illegal arrest and pepper spray incident. On February 3, 1999, Harris filed the subject Amended Prisoner Civil Rights Complaint and was granted leave to proceed pursuant to the in forma pauperis statute, 28 U.S.C. § 1915. In the Amended Complaint, Harris states he encloses his response to an Order to Show Cause. I treat that response as part of the Amended Complaint as do Defendants in their motion to dismiss.

the arrest or in denying him medical care after the arrest. Harris alleges he filed a grievance regarding the incident and he met with Defendant Sheriff Morales on June 29, 1998 to discuss his grievance. Lieutenant Gore was present at the meeting. Harris apparently told Sheriff Morales of the false charges and arrest and that he did not receive any medical care after the pepper spray incident. Allegedly, Morales did not believe Harris' version of events, but rather believed the version of events depicted by Lt. Gore and Teetsel, and found Harris' grievance not warranted. Later, criminal charges of obstruction of justice stemming from the incident were filed against Harris in state district court.

Defendants assert Harris claims (1) his rights to procedural due process were violated because he did not have a hearing before being pepper sprayed and before criminal charges were filed against him; and (2) his constitutional rights were violated because allegedly no internal investigation or discipline of Deputy Teetsel and Lt. Gore was conducted. I find, however, on a liberal reading of the amended complaint, Harris' allegations go beyond the assertion of violation of procedural due process under the Fourteenth Amendment. The amended complaint reads in pertinent part:

I appeal to J. Morales, to stop the reckless [sic] actions of some grave injustice being done to me by Gore & Teetsel upon notice of false charges and arrest, pepper spray being use [sic]; denial of medical attension [sic] to me, as Chief [sic] Sheriff Morales had the authority at his disposal to call an internal affairs investigation into the two officers, misconduct [sic] being brought under suspicion and my actions being brought before a[sic] administrative board or hearing. An investigation was mandatory by Morales, when serious conflict of interest existed between stories of foul play on 6–18–98 and Gore making statements

in Morales presence, he point-blank took Teetsel [sic] word over granting plaintiff [sic] proper administrative proceeding to Harris greviance [sic] 6–25–98.

(Amended Complaint at Show Cause Statement.)

Although Harris fails to allege any specific constitutional violation, he appears to assert claims under § 1983 of false arrest, use of excessive force, deliberate indifference to his serious medical needs, failure to hold a hearing before he was arrested and criminally charged on June 18, 1998 and failure to investigate the conduct or discipline Deputy Teetsel and Lieutenant Gore for their conduct on June 18, 1998.

## II. *Applicable Legal Standard.*

Dismissal is proper under Rule 12(b)(6) "only when it appears that the plaintiff can prove no set of facts in support of the claims that would entitle him to relief, accepting the well-pleaded allegations of the complaint as true and construing them in the light most favorable to the plaintiff." *Yoder v. Honeywell Inc.*, 104 F.3d 1215, 1224 (10th Cir.), cert. denied, 522 U.S. 812, 118 S.Ct. 55, 139 L.Ed.2d 19 (1997). For the purpose of the instant motion, I will assume all of Harris' allegations to be true and will draw all reasonable inferences from those allegations in his favor.

## III. *Merits*

Defendants assert they are entitled to qualified immunity from Harris' procedural due process 42 U.S.C. S 1983 claim because the amended complaint lacks the requisite level of specificity to overcome the defense of qualified immunity. Second they maintain, even if the allegations were sufficiently specific, no facts alleged show Defendants violated Harris' constitutional right to procedural due process. Third, Harris fails to establish any alleged constitutional right was clearly established for the purposes of qualified immunity. Finally, Defendants assert, Harris has no con-

stitutional right to force them to conduct an internal investigation.

■ Qualified immunity is an affirmative defense against claims brought under 42 U.S.C. § 1983. Where the defense of qualified immunity is asserted on a motion pursuant to Fed.R.Civ.P. 12(b)(6), a "heightened pleading" standard applies, requiring "the complaint to 'contain specific, non-conclusory allegations of fact sufficient to allow the district court to determine that those facts, if proved, demonstrate that the actions taken were not objectively reasonable in light of clearly established law.'" *Dill v. City of Edmond,* 155 F.3d 1193, (10th Cir.1998) (quoting *Breidenbach v. Bolish,* 126 F.3d 1288, 1292 (10th Cir.1997)). Once a defendant government official raises the defense of qualified immunity, the burden shifts to the plaintiff. "The plaintiff initially bears a heavy two-part burden when the defendant pleads the defense of qualified immunity." *Mick v. Brewer,* 76 F.3d 1127, 1134 (10th Cir.1996); *Albright v. Rodriguez,* 51 F.3d 1531, 1534 (10th Cir.1995). The plaintiff must demonstrate: (1) the defendant's conduct violated the law; and (2) the law was clearly established when the alleged violation occurred. *Workman v. Jordan,* 32 F.3d 475, 479 (10th Cir.1994); *Dixon v. Richer,* 922 F.2d 1456 1460 (10th Cir.1991).

■ First, the plaintiff must demonstrate the individual defendant's conduct violated the law. This burden means coming forward with specific facts establishing the violation. *Taylor v. Meacham,* 82 F.3d 1556, 1559 (10th Cir.1996). "Plaintiff has the 'burden to show with particularity facts and law establishing the inference that defendant violated a constitutional right.'" *Abeyta By & Through Martinez v. Chama Valley Ind. Sch. Dist. No. 19,* 77 F.3d 1253, 1255 (10th Cir.1996) (quoting *Walter v. Morton,* 33 F.3d 1240, 1242 (10th Cir.1994)). A plaintiff suing public officials must establish specific facts showing the personal involvement of each named individual defendant. *Green v. Branson,* 108 F.3d 1296, 1302 (10th Cir.1997). Conclusory, non specific, and generalized allegations of constitutional deprivations are not sufficient. *Pride v. Does,* 997 F.2d 712, 716 (10th Cir.1993).

■ Second, the plaintiff must prove the relevant law was clearly established when the alleged violation occurred. "To be clearly established, '[t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right.'" *Albright,* 51 F.3d at 1535 (quoting *Anderson v. Creighton,* 483 U.S. 635, 640, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987)). In *Anderson,* the Supreme Court noted the right must be clearly established in a "particularized" sense. *Anderson,* 483 U.S. at 640, 107 S.Ct. 3034. Although the plaintiff need not establish a "precise correlation between the then-existing law and the case at hand," *Patrick v. Miller,* 953 F.2d 1240, 1249 (10th Cir.1992), "for a right to be 'particularized,' there must ordinarily be a Supreme Court or Tenth Circuit decision on point, or 'clearly established weight of authority' from other courts." *Wilson v. Meeks,* 52 F.3d 1547, 1552 (10th Cir.1995) (quoting *Medina v. City and County of Denver,* 960 F.2d 1493, 1498 (10th Cir. 1992)).

Defendants assert Harris fails to meet any of these requirements, *i.e.,* that the amended complaint does not come forth with facts and allegations showing that the individual defendants' alleged conduct violated the law and that the law was clearly established when the violation occurred. I disagree.

Defendants maintain the amended complaint contains only conclusory allegations and does not establish with specificity what law was allegedly violated. They state the allegations refer merely to viola-

tions of Harris' constitutional rights by "actions of some grave injustice." The amended complaint does, however, in elucidating on the "grave injustice" mention "false charges and arrest, pepper spray being use [sic]; denial of medical attention [sic] to me." (Amended Complaint at Show Cause Statement.)

■ The treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment of the United States Constitution. *Farmer v. Brennan*, 511 U.S. 825, 831, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) (citing *Helling v. McKinney*, 509 U.S. 25, 31, 113 S.Ct. 2475, 125 L.Ed.2d 22 (1993)). In its prohibition against "cruel and unusual punishments," the Eighth Amendment places restraints on prison officials, who may not, for example, use excessive physical force against prisoners. *Id.* (citing *Hudson v. McMillian*, 503 U.S. 1, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992)). It also imposes affirmative duties on officials to provide humane conditions of confinement. "[P]rison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" *Id.* (quoting *Hudson v. Palmer*, 468 U.S. 517, 526–27, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984)).

■ Construing the amended complaint liberally and accepting the allegations therein as true, the assertions therein that Harris was unnecessarily pepper sprayed and denied medical attention thereafter sufficiently state a claim for violation of the Eighth Amendment based on use of excessive force and deliberate indif-

ference to Harris' serious medical needs.[2] Morevoer these Eighth Amendment rights to be free from excessive force and deliberate indifference to serious medical needs were "clearly established" on June 18, 1998 so that a "reasonable official would understand that what he is doing violates that right."

■ Defendants also state Harris asserts his "rights were violated by this unfair [sic] process and treatment," (*id.*), without any explanation of how such violations occurred. The amended complaint does, however, elaborate on how Harris' rights were violated: "By Morales not intervening to [sic] my greviance [sic], with a solid remedy, it allow [sic] Gore & Teetsel the power & privilege to file a[sic] obstruction of justice case in the court system without an internal or administrative hearing into my actions and their was [sic] available witnesses to rebut the charge. These frivilous [sic] actions was [sic] pure prejudice of abusive power that violated by rights to confront by accuser." (*Id.*) Notwithstanding this elaboration, however, these allegations are so vague that speculating as to their meaning or effect serves no purpose. An individual has a constitutional right to procedural due process before conviction for a crime but the constitution does not require a hearing before the filing of charges. Nor does an inmate have a constitutional right to force an internal investigation of the inmate's jailers.

For the aforesaid reasons, I find the allegations in the complaint concerning the use of excessive force and deliberate indifference to serious medical needs sufficient to state a claim under the Eighth Amendment and to overcome the motion to dis-

---

**2.** Defendants' reliance on *Colon v. Schneider*, 899 F.2d 660, 668–69 (7th Cir.1990) is misplaced. That case found a prisoner did not have a liberty interest cognizable under the constitution in what type of non-deadly force personnel must use to maintain internal prison security and control inmate conduct. The court noted, however, "prison officials are not free under any circumstances to use physical force indiscriminately...." *Id.* at 669. Construing the allegations of the complaint liberally with regard to the pepper spraying, Harris has stated a claim under the Eighth Amendment for excessive use of force.

miss on the grounds of qualified immunity. I find the allegations in the complaint concerning false arrest and failure to conduct an internal investigation insufficient to state a recognizable constitutional claim. Accordingly, I enter the following order:

IT IS ORDERED THAT Defendants' Motion to Dismiss is DENIED insofar as it seeks dismissal of the Eighth Amendment claims based on use of excessive force and deliberate indifference to serious medical needs and GRANTED WITHOUT PREJUDICE insofar as it seeks dismissal of any claim of violation of due process based on false arrest and failure to conduct an internal investigation.