**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-1173
_____

WILLIAM J. WILLSON
                                        Appellant

v.

THOMAS YERKE,
Covington Township Supervisor, in his personal capacity;
BOARD OF SUPERVISORS OF TOWNSHIP OF COVINGTON;
LACKAWANNA COUNTY PENNSYLVANIA;
DAVID PETROSKY; MARLENE BEAVERS; CHARLES LINDER
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania (Civil Action No. 3-10-cv-01376)
District Judge:  Honorable Robert D. Mariani
_____

Submitted Under Third Circuit LAR 34.1(a)
December 12, 2014

Before:  FUENTES, FISHER, and KRAUSE, *Circuit Judges.*

(Filed: March 11, 2015)

_____

OPINION*
_____

KRAUSE, *Circuit Judge*.

---

*        This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Appellant William Willson, a former member of the Board of Supervisors of the Township of Covington in Lackawanna County (the "Board"), contests the District Court's decision to grant summary judgment on his First Amendment retaliation and Fourteenth Amendment substantive due process claims against several of his then-fellow Board members.[1]  Because we conclude that the District Court did not err, we will affirm.

On October 14, 2010, Willson filed a complaint in the District Court for the Middle District of Pennsylvania alleging that Appellee Thomas Yerke, then the chairman of the Board, violated his constitutional rights by insulting him and directing obscene gestures at him, and that David Petrosky, Marlene Beavers, and Charles Linder, fellow members of the Board, also violated his constitutional rights by condoning and covering up Yerke's actions.  Willson asserted a variety of claims against his former colleagues, most of which were dismissed by the District Court.  The District Court subsequently granted summary judgment on Willson's remaining claims for First Amendment retaliation, violations of Fourteenth Amendment substantive due process, and false light invasion of privacy.  Because the District Court held that neither Willson's substantive due process nor First Amendment rights were violated and that the false light invasion of privacy claim was time-barred, it did not reach Defendants' argument that they were entitled to qualified immunity.[2]

---

[1] The District Court had jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343, and we have jurisdiction to hear this appeal under 28 U.S.C. § 1291.

[2] On appeal, Willson does not contest that his false light invasion of privacy claim was barred by the applicable statute of limitations.   *See* 42 Pa. Cons. Stat. § 5253(1).

Willson brought his First and Fourteenth Amendment claims under 42 U.S.C. § 1983, under which he must show: (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States.[3] Because some of Yerke's alleged conduct occurred while he was presiding over township meetings, we reject Appellees' argument that none of their alleged conduct occurred under color of state law.[4]

As government officials, Appellees are entitled to qualified immunity from § 1983 claims for damages unless the facts alleged by the plaintiff show the violation of a constitutional right, and the right at issue was clearly established at the time of the alleged misconduct.[5] Here, the facts alleged by Willson show neither the violation of a constitutional right nor that the right was clearly established.

In order to plead a claim for First Amendment retaliation, a plaintiff must allege: "(1) constitutionally protected conduct, (2) retaliatory action sufficient to deter a person of ordinary firmness from exercising his constitutional rights, and (3) a causal link

---

[3] *Schneyder v. Smith*, 653 F.3d 313, 319 (3d Cir. 2011).

[4] *See West v. Atkins*, 487 U.S. 42, 49, 50 (1988) ("State employment is generally sufficient to render the defendant a state actor . . . . [G]enerally, a public employee acts under color of state law while acting in his official capacity or while exercising his responsibilities pursuant to state law.") (internal quotation marks and citations omitted).

[5] *Pearson v. Callahan*, 555 U.S. 223, 232 (2009); *Kelly v. Borough of Carlisle*, 622 F.3d 248, 253 (3d Cir. 2010).

3

between the constitutionally protected conduct and the retaliatory action."[6]  To be

actionable as a general matter, the alleged retaliatory conduct must have had more than a

*de minimis* impact on the plaintiff's First Amendment rights.[7]

Where the alleged misconduct relates to the statements or actions of elected

officials, the threshold is particularly high.  As the Supreme Court observed in *Bond v.*

*Floyd*, "[t]he manifest function of the First Amendment in a representative government

requires that legislators be given the widest latitude to express their views on issues of

policy."[8]  We very recently observed in *Werkheiser v. Pocono Township* that "nothing in

*Bond* . . . suggests the Court intended for the First Amendment to guard against every

form of political backlash that might arise out of the everyday squabbles of hardball

politics" and that "the First Amendment may well prohibit retaliation against elected

officials for speech pursuant to their official duties only when the retaliation interferes

with their ability to adequately perform their elected duties."[9]  Willson's allegations that

---

[6] *Thomas v. Independence Twp.*, 463 F.3d 285, 296 (3d Cir. 2006) (citing *Mitchell v. Horn*, 318 F.3d 523, 530 (3d Cir. 2003)).

[7] *McKee v. Hart*, 436 F.3d 165, 170 (3d Cir. 2006); *Brennan v. Norton*, 350 F.3d 399, 419 (3d Cir. 2003).

[8] 385 U.S. 116, 135-36 (1966).

[9] No. 13-3646, slip op. at 19 (3d Cir. March 6, 2015); *see also Camacho v. Brandon*, 317 F.3d 153, 166 (2d Cir. 2003) (Walker, J., concurring) ("[C]ourts should intervene in only the most severe cases of legislative retaliation for the exercise of First Amendment rights, thereby allowing ample room for the hurly burly of legislative decisionmaking."); *cf. Monteiro v. City of Elizabeth*, 436 F.3d 397 (3d Cir. 2006) (finding sufficient evidence to support a First Amendment retaliation claim where the City Council President had a Council member arrested and removed from a meeting for speaking out against the Council President).

Yerke called him "a coward" and "a homo who licks Van Fleet's ball bag," threatened to "kick his ass," and made obscene gestures at him do not amount to punitive conduct that would "deter a person of ordinary firmness" from exercising free speech rights even when examined in the light most favorable to Willson.[10]

Willson's other allegations that Yerke changed the locks on the township garage and denied Willson access to the township solicitor occurred outside § 1983's two-year statute of limitations for actions arising in Pennsylvania.[11] Thus, Willson failed to allege the violation of his First Amendment rights.

In light of *Werkheiser*, Appellees are also entitled to qualified immunity under the second prong of our qualified immunity analysis.[12] Appellees argue that Willson's speech is not protected by the First Amendment under the Supreme Court's holding in *Garcetti v. Ceballos*, 547 U.S. 410 (2006), because the speech that forms the basis for his

---

[10] *Thomas*, 463 F.3d at 296. For the first time in his reply brief, Willson advances the argument that Yerke threatened his personal safety by swerving his vehicle at Willson and his family. Willson waived this argument by failing to raise it in his opening brief. *See Kost v. Kozakiewicz*, 1 F.3d 176, 182 (3d Cir. 1993).

[11] *See* 42 Pa. C.S.A. § 5524(1); *Montanez v. Sec'y Pa. Dep't of Corr.*, 2014 WL 5155040, at *4 (3d Cir. Aug. 15, 2014); *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009) ("The length of the statute of the limitations for a § 1983 claim is governed by the personal injury tort law of the state where the cause of action arose.") (citing *Wallace v. Kato*, 549 U.S. 384, 387 (2007)). Willson's complaint was filed on July 2, 2010, so any claim based on an event that occurred before July 2, 2008 is statutorily barred. Willson referenced Yerke's changing the locks and denying his access to the township solicitor in a letter to the Covington Township Supervisors on January 13, 2008. The District Court found that these events were time-barred, and Willson does not contest its ruling on appeal.

[12] No. 13-3646, slip op. at 8-9.

5

First Amendment retaliation claim was performed within the scope of his employment as a public employee. *Werkheiser* did not definitively answer the question whether *Garcetti* is applicable to elected officials' speech, but it did hold that the law was not clearly established on this issue. [13] Appellees thus are entitled to qualified immunity on this basis as well.

Willson next asserts that the District Court erred by granting summary judgment on his Fourteenth Amendment substantive due process claim. Executive action violates due process "only when it shocks the conscience, which encompasses only the most egregious official conduct."[14] Even extreme verbal harassment typically does not rise to the level of a constitutional violation in this context. [15] None of the conduct alleged against Yerke meets this high threshold.

For the foregoing reasons, we will affirm the decision of the District Court.

---

[13] *Id.* at 9.

[14] *Chainey v. Street*, 523 F.3d 200, 219 (3d Cir. 2008) (quoting *United Artists Theatre Circuit, Inc. v. Twp. of Warrington*, 316 F.3d 392, 400 (3d Cir. 2003)).

[15] *See, e.g., Hawkins v. Holloway*, 316 F.3d 777, 781-86 (8th Cir. 2003) (substantive due process violation where a sheriff repeatedly fondled one employee's breasts and where he threatened deadly force by pointing loaded weapons at his employees, but no substantive due process violations where he groped other employees while making sexually suggestive comments); *Costello v. Mitchell Pub. Sch. Dist.*, 266 F.3d 916, 921 (8th Cir. 2001) (no substantive due process violation where a teacher called a student "retarded," "stupid," and "dumb," and threw a notebook at her, which hit her in the face); *Abeyta v. Chama Valley Ind. Sch. Dist., No. 19*, 77 F.3d 1253, 1258 (10th Cir. 1996) (no substantive due process violation where a teacher called a twelve-year-old student a prostitute).